**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Solidarity Limited, a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>JeffEx, LLC, et al.<br><br>Defendants. | Case 1:20-cv-01456 |

**SOLIDARITY'S MOTION TO COMPEL PRODUCTION OF PRIVILEGED
MATERIALS BY ATTORNEY WILLIAM MOSCONI**

NOW COMES Solidarity Limited ("Solidarity"), by and through its attorneys, Litico Law Group, and respectfully moves this Honorable Court to compel Attorney William Mosconi, counsel for David Brittsan ("Brittsan"), to produce all communications and documents related to Brittsan's estate planning, including but not limited to the quitclaim deed transaction. In support of this Motion, Solidarity states as follows:

**Introduction**

Attorney-client privilege protects confidential communications made for the purpose of obtaining legal advice. However, this privilege is not absolute and can be waived where the privilege holder discloses substantive communications or places attorney advice at issue. Here, Brittsan voluntarily disclosed substantive details of legal advice provided by his former attorney, William Mosconi, in an interrogatory response. Brittsan's response goes beyond mere acknowledgment of legal advice and instead introduces specific facts and actions taken by his attorney. Such disclosure, on its face, constitutes a waiver of privilege for all communications on the same subject matter—here, Brittsan's broader estate planning, including the quitclaim deed transaction. This waiver is distinct and enforceable even without reliance on the sword-and-shield doctrine, as it arises from Brittsan's

affirmative voluntary disclosure alone. Solidarity seeks an order compelling Mosconi to produce all related communications and documents.

## Background

Solidarity propounded Interrogatory No. 7 on Brittsan, seeking an explanation for the delay in recording the quitclaim deed at issue. Brittsan's response disclosed substantive attorney-client communications, specifically stating:

> **Interrogatory No. 7:** "State in detail the reasons for any delay in recording the quitclaim deed referenced in your discovery responses, including all individuals involved and the timeline of events."
>
> **Response:** "Defendant objects to this Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or other applicable privilege. Defendant further objects to this Interrogatory because it contains legal conclusions and requests narrative information that is better suited for deposition testimony. Subject to and without waiver of these objections or its General Objections, Defendant answers as follows: ... Attorney, Bill Mosconi provided advice on closing the mortgage with a quit claim deed. Bill Mosconi started the process and recorded the quit claim documents as soon as Defendant provided him with notarized signatures on the deed."

This response does not merely identify Mosconi's involvement; it directly reveals the *substance* of legal advice Mosconi provided ("advice on closing the mortgage") and describes actions taken in reliance on that advice ("recorded the quitclaim documents"). Once Brittsan disclosed this substantive communication, privilege was waived as to the entire subject matter of Mosconi's legal advice on estate planning. A true and correct copy of Interrogatory No. 7 and Brittsan's response is attached to this Motion as Exhibit A.

## Waiver Based on Voluntary Disclosure

Under Illinois law, attorney-client privilege is waived when a client voluntarily discloses privileged communications. The Illinois Supreme Court in *Center Partners, Ltd. v. Growth Head GP, LLC*, 2012 IL 113107, held that disclosure of privileged communications on a subject matter waives the privilege for *all* related communications on the same subject matter. Importantly, waiver is not limited to situations where a party affirmatively relies on the disclosed communication to support their

claims or defenses; rather, the mere act of disclosure itself is inherently inconsistent with the confidentiality underlying the privilege.

Brittsan's interrogatory response goes beyond a superficial or incidental mention of legal advice. It reveals substantive communications, including the specific advice Mosconi gave regarding the quitclaim deed and the procedural steps taken as a result of that advice. Such detailed disclosure removes the communication from the scope of privilege and extends the waiver to all communications and documents on the same subject matter—here, Brittsan's estate planning activities. Courts have consistently held that once a client discloses the *content* of legal advice, the privilege is waived to prevent selective disclosure that could mislead or prejudice the opposing party.

### Sword and Shield Doctrine

Even if this Court finds that Brittsan's interrogatory response alone does not constitute a waiver, the sword-and-shield doctrine independently applies. Courts universally reject efforts to use attorney advice selectively as both a sword and a shield. See *In re County of Erie*, 546 F.3d 222 (2nd Cir. 2008). Brittsan relies on Mosconi's advice to justify his actions regarding the quitclaim deed while simultaneously invoking privilege to prevent discovery of related communications. This selective disclosure is precisely the unfairness the doctrine seeks to prevent.

By affirmatively disclosing Mosconi's advice in his interrogatory response, Brittsan has placed that advice at issue. Fairness dictates that Solidarity be allowed to explore all related communications to ensure a complete and accurate understanding of the advice provided and its context within Brittsan's estate planning strategy.

### Non-Privileged Factual Information

Even apart from the waiver, Mosconi's role as a fact witness includes non-privileged information. His involvement in preparing and recording documents relevant to Brittsan's estate planning encompasses factual details that are not protected by attorney-client privilege. These include

the timeline of events, procedural steps taken to complete the estate plan, and communications with third parties such as notaries, financial institutions, or recording offices. The privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976).

### Relief Requested

WHEREFORE, Solidarity respectfully requests that this Honorable Court declare that Brittsan waived attorney-client privilege regarding communications and documents involving Attorney Mosconi related to Brittsan's estate planning, including but not limited to the quitclaim deed transaction. Solidarity further requests that this Court compel Attorney Mosconi to produce all communications and documents related to Mosconi's advice and actions concerning Brittsan's estate planning. Solidarity also seeks adjustment of discovery deadlines to accommodate this relief and any other relief this Court deems just and proper.

Dated: December 17, 2024

        Respectfully submitted,

        Solidarity Limited

        */s/ David K. Radkin*
        David K. Radkin (ARDC# 6336603)
        Litico Law Group
        3701 Algonquin Road, Suite 450
        Rolling Meadows, Illinois 60008
        dkr@litico.law
        Attorneys for Solidarity