**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Solidarity Limited, a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>JeffEx, LLC, et al.<br><br>Defendants. | Case 1:20-cv-01456<br><br>Hon. Heather K. McShain |

**ANSWERS TO FIRST SET OF INTERROGATORIES**

NOW COMES Defendant, David Brittsan ("Brittsan" or "Defendant"), by and through its counsel, Taft Stettinius & Hollister, LLP, and, as for its Answers to Solidarity Limited's ("Solidarity") First Set of Interrogatories, states as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories to the extent that Plaintiff seeks documents and communications that are not relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant information.

2. Defendant objects to the Interrogatories to the extent they are over broad, overly burdensome, harassing or oppressive, and/or disproportionate to the needs of the case.

3. Defendant objects to the Interrogatories to the extent they are vague, ambiguous or incomprehensible, contain terms that are not adequately defined, or otherwise lack sufficient precision and thereby require Defendant to engage in conjecture as to their meaning.

4. Defendant objects to the Interrogatories to the extend they are duplicative and unreasonably cumulative.

5. Defendant objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privileges(s). Any inadvertent disclosure of privileged information is neither intended to nor shall be construed to relinquish or be deemed a waiver of any such privilege.

6. The following responses are necessarily based on the information that Defendant ascertained to date through the exercise of reasonable and good faith efforts and do not preclude Defendant from later relying on information discovered pursuant to further investigation or

discovery that may be conducted after the date of these responses. Defendant reserves its rights to alter, supplement, or amend these responses in light of information or materials provided to, or learned by, Defendant in the course of this ongoing (or future) discovery.

## INTERROGATORIES

1. Describe in detail all discussions, planning, and actions taken regarding the transfer of 1508 Sunset Ridge Road, Glenview, Illinois (the "Property") from joint tenancy to tenancy by the entirety, including the dates of such discussions or actions and the individuals involved.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or other applicable privilege. Defendant further objects to this Interrogatory because it is compound, overbroad, contains legal conclusions, and requests narrative information that is better suited for deposition testimony. Subject to and without waiver of these objections or its General Objections, Defendant answers as follows: Defendant became unemployed for the first time in his career at age 58 on December 1, 2010, when the company that Defendant worked for from July 1999 through November 30, 2010, was sold on November 30, 2010. During early 2011, Defendant hired an out-placement firm to counsel him on the next state of his career. The business options included a job search, starting a business, buying into a business, and/or helping his son start a restaurant. These discussions included seeking legal advice regarding the use of LLCs for ownership in a business, operating agreements, employment, and other contracts required for business ownership, home ownership in a quit claim deed and wills for Defendant and his wife.

2. Identify all attorneys, financial advisors, or other professionals consulted regarding estate planning or the transfer of the Property between 2010 and 2020, including their names, addresses, and the dates of consultation.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or other applicable privilege. Defendant further objects to this Interrogatory because it is compound, overbroad, and requests narrative information that is better suited for deposition testimony. Subject to and without waiver

of these objections or its General Objections, Defendant identifies the following individuals he is currently aware of who have knowledge of the facts regarding estate planning or the transfer of the Property between 2010 and 2020:

a. Daniel Brittsan (Attorney, Brother, deceased 7/16/2020)
2697 Quitman, Denver, CO 80219.

b. William Mosconi, Attorney
425 Huehl Road, Building 13A
Northbrook, IL 60062.
September 2015 through July 2020.

3. Explain in detail your financial situation in July 2020, including all assets owned, debts owed, and sources of income.

**ANSWER:** Defendant objects to this Interrogatory as not reasonably tailored to the discovery needs of this case. Defendant further objects to this Interrogatory because it is compound, vague and ambiguous, overbroad, and requests narrative information that is better suited for deposition testimony. Subject to and without waiver of these objections or its General Objections, Defendant answers as follows:

Assets:

Cash checking, 44,886.78
Cash savings, 12,890.25
Home, 1508 Sunset Ridge Road, Glenview, IL 60025
Employer, Cane Investment Partners/Cascade Capital, annual salary $175,000
Social Security 2,710 per month

Debts:

Rocket mortgage, 300,000.00
Costco Visa, 4,337.02
Capital One MasterCard, 358.06
Chase Ink, 26.90
Discover, 200.95

4. Describe all consideration given or received in exchange for the transfer of the Property to tenancy by the entirety.

**ANSWER:** Defendant objects to this Interrogatory because it is compound, vague and ambiguous, and contains legal conclusions. Subject to and without waiver of these objections or its General Objections, Defendant and his wife received a financial benefit from the transfer of the Property to tenancy by the entirety.

5. Identify all other real property owned by you, solely or jointly, at the time of the Property transfer in July 2020, including addresses and ownership structure.

**ANSWER:** Defendant objects to this Interrogatory as not reasonably tailored to the discovery needs of this case. Defendant further objects to this Interrogatory because it is compound. Subject to and without waiver of these objections or its General Objections, Defendant answers as follows: None.

6. Describe in detail your understanding of the legal implications of holding property as tenants by the entirety as opposed to joint tenancy at the time of the transfer.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or other applicable privilege. Defendant further objects to this Interrogatory because it contains legal conclusions and requests narrative information that is better suited for deposition testimony. Subject to and without waiver of these objections or its General Objections, Defendant answers as follows: Defendant understands that property held as tenants in the entirety cannot be subjected to a lien, sale, or other transactions without the approval and consent of both names on the deed.

7. Explain why the quit claim deed transferring the Property to tenancy by the entirety was not recorded until July 2020 if the planning began in 2011, as you claim.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or other applicable privilege. Defendant further objects to this Interrogatory because it contains legal conclusions and requests narrative information that is better suited for deposition testimony. Subject to and without waiver

135336684v1

of these objections or its General Objections, Defendant answers as follows: Defendant did not have full time employment from December 2010 through September 2019. From December 2010 through September 2019, he lost substantially all of his net worth. Defendant was hired as a full-time employee at Cane Investment Partners in October 2019. This was his first opportunity to have his full-time employment status verified by his employer so he could apply for a mortgage and consolidate his mortgage with credit card debt. Attorney, Bill Mosconi provided advice on closing the mortgage with a quit claim deed. Bill Mosconi started the process and recorded the quit claim documents as soon as Defendant provided him with notarized signatures on the deed. During the period January through July 2020, Defendant was extremely concerned about keeping his full-time job because of the Covid Pandemic. Several Cane Investment Partners employees were terminated from March through June 2020. Defendant's responsibilities included making sure that both companies had sufficient cash flow to survive the Covid Pandemic. On March 28, 2020, Defendant was assigned to coordinate the PPP loan application process for Cane Investment Partners. This assignment consumed Defendant and his time through August 2020 when all the PPP applications were submitted.

8. Identify all persons who had knowledge of the transfer of the Property prior to its occurrence, including their names, relationships to you, and the extent of their knowledge.

**ANSWER:** Defendant objects to this Interrogatory because it calls for speculation and is overbroad, unduly burdensome and not reasonably tailored to the discovery needs of this case. Defendant further objects to this Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or other applicable privilege. Subject to and without waiver of these objections or its General Objections, Defendant identifies the following individuals he is currently aware of who have knowledge: Defendant, Elizabeth Brittsan, Bill Mosconi (attorney who prepared the deed) and Grace Martinsen (notary).

135336684v1

9.      Describe in detail any changes in your use, control, or enjoyment of the Property following the July 2020 transfer.

**ANSWER:**    Defendant objects to this Interrogatory because it is compound, vague, and ambiguous.  Subject to and without waiver of these objections or its General Objections, none.

10.     Explain all steps taken to inform creditors, including Solidarity Limited, of the change in ownership structure of the Property.

**ANSWER:**    Defendant objects to this Interrogatory because it is overbroad and seeks information subject to the attorney-client privilege, work product doctrine, or other applicable privilege.  Subject to and without waiver of these objections or its General Objections, none.

11.     Describe any other transfers of assets you made between February 28, 2020 (the date the underlying lawsuit was filed) and July 31, 2023 (the date judgment was entered against you).

**ANSWER:**    Defendant objects to this Interrogatory because it is overbroad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of these objections or its General Objections, none.

12.     Identify all sources of funds used to pay your legal fees in the underlying lawsuit and this current action.

**ANSWER:**    Defendant objects to this Interrogatory as compound and not reasonably tailored to the discovery needs of this case.  Defendant further objects to this Interrogatory because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections or its General Objections, Defendant answers as follows: Defendant's personal funds.

13.     Describe in detail your current financial situation, including all assets owned, debts owed, and sources of income.

**ANSWER:**    Defendant objects to this Interrogatory as not reasonably tailored to the discovery needs of this case and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and to which Plaintiff is not entitled to discover at

6

135336684v1

this stage in the litigation. Defendant further objects to this Interrogatory because it is compound, vague and ambiguous, overbroad, and requests narrative information that is better suited for deposition testimony. Subject to and without waiver of these objections or its General Objections, Defendant answers as follows:

Assets:

> Cash checking, 3,247.62
> Cash savings, 7,904.34
> 401K, 97,037.57
> Home, 1508 Sunset Ridge Road, Glenview, IL 60025
> Employer, Cane Investment Partners/Cascade Capital, annual salary $200,000
> Social Security, 3,265 per month

Debts:

> Rocket mortgage, 111,234.56
> Wells Fargo auto loan, 18,579.24
> Light Stream loan, 3,622.69
> Zev Alter personal loan, 2,000.00
> Costco Visa, 10,956.27
> Chase Ink, 26.90
> Discover, 18.47

14. Explain any attempts you have made to satisfy the judgment entered against you on July 31, 2023.

**ANSWER:** Defendant objects to this Interrogatory because it is vague and ambiguous, overbroad, and seeks information that is subject to the attorney-client privilege, work product doctrine, or other applicable privilege. Subject to and without waiver of these objections or its General Objections, none.

15. Describe all communications you have had with any co-defendants in the underlying lawsuit regarding the judgment or attempts to satisfy it.

**ANSWER:** Defendant objects to this Interrogatory because it is compound, overbroad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of

7

admissible evidence. Subject to and without waiver of these objections or its General Objections, none.

Dated: October 14, 2024

Respectfully submitted,

**DAVID G. BRITTSAN**
By: */s/ Kristine M. Kolky*
   One of His Attorneys

Kristine M. Kolky (#6294396)
kkolky@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

## VERIFICATION OF INTERROGATORIES

Under penalty of perjury, I, David G. Brittsan, based on reasonable inquiry, hereby verify that the answers to the foregoing interrogatories are true and correct to the best of my knowledge, information and belief.

_____

_____
Date  10/11/2024

**CERTIFICATE OF SERVICE**

I certify that on the date listed below, a true and correct copy of the foregoing document was served upon the following counsel via email:

Matthew A. Wood
Litico Law Group
3701 Algonquin Road, Suite 450
Rolling Meadows, Illinois 60008
maw@litico.law

Dated: October 14, 2024          /s/ *Kristine M. Kolky*

135336684v1